UNITED STATES of America ex rel.
Richard JOHNSON, Petitioner,

v.

Richard DeROBERTIS, Warden,
Stateville Correctional Center,
Respondent.

No. 81 C 2285.

United States District Court,
N. D. Illinois, E. D.

June 11, 1982.

Sue A. Herrmann, Cotton, Watt, Jones, King & Bowlus, Chicago, Ill., for petitioner.

Michael B. Weinstein, Thomas C. Crooks, Asst. Attys. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Richard Johnson ("Johnson") filed a petition for a writ of habeas corpus on April 24, 1981, seeking review in this Court of the circumstances surrounding his plea of guilty to two counts of armed robbery in state court in 1977. Johnson alleges that the state trial judge's failure to inform him that his sentence would include a five-year mandatory parole term[1] in addition to a prison term vitiated the voluntariness of his guilty plea and denied him due process of law. Having exhausted all available state remedies on this claim,[2] Johnson has now moved for summary judgment in favor of his petition. Respondent, Richard DeRobertis, warden of Stateville Correctional Center, has moved for summary judgment denying the petition. For the reasons given below, petitioner's motion is granted and respondent's motion is denied.

Johnson was arrested and charged with armed robbery in two separate indictments on August 24, 1976. Although he originally pleaded not guilty to both indictments, Johnson changed his pleas to guilty on June 10, 1977, following a round of negotiations involving the trial judge, the assistant states attorney and defense counsel. After accepting Johnson's guilty pleas, the trial judge sentenced him to concurrent terms of eight years to eight years and one day in the Illinois prison system. Johnson did not learn until several months later that his sentence also included a mandatory parole term of five years as provided by Illinois law. Johnson has since testified that he would not have pleaded guilty had he known that his sentence would include a five-year parole term in addition to the eight-year prison term allegedly bargained for in the course of plea negotiations.

In *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180, 183 (7th Cir. 1977), the Seventh Circuit held that the trial court's failure to inform a state criminal defendant of a mandatory parole term accompanying his negotiated prison sentence violated the due process clause of the fourteenth amendment. The Court reasoned that "because a criminal defendant

---

1. *See* Ill.Rev.Stat.1977, ch. 38, § 1005–8–1(e)(1). The mandatory parole term to be served by Johnson was subsequently reduced to three years by statute. Ill.Rev.Stat.1979, ch. 38, § 1005–8–1(d)(1). Although sentenced by the court to concurrent prison terms of eight years to eight years and one day, Johnson was released from prison on May 29, 1981, and, but for an order of this Court staying the Illinois Mandatory Parole Term until June 9, 1982, would presently be serving his parole term. Accordingly, petitioner's concurrent status satisfies the "in custody" requirement of 28 U.S.C. § 2254. *Jones v. Cunningham*, 371 U.S. 236, 240, 242–43, 83 S.Ct. 373, 375, 376–77, 9 L.Ed.2d 285 (1963); *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180, 182, n.3 (7th Cir. 1977). *See also* Rules Governing Proceedings in the United States District Courts under Section 2254 and Section 2255 of Title 28, United States Code, Rules 1(a)(2) and 2(b).

2. Johnson raised the claim presented here in a post-conviction petition filed with the trial court pursuant to Ill.Rev.Stat.1977, ch. 38, § 122–1. The trial court dismissed the petition after a limited evidentiary hearing and the Appellate Court of Illinois subsequently affirmed that decision. *Illinois v. Johnson*, 49 Ill.Dec. 669, 418 N.E.2d 523 (1st Dist., 1980). The Illinois Supreme Court denied leave to appeal. In its answer to Johnson's petition, the Illinois Attorney General concedes that petitioner "has apparently exhausted available state court remedies." Answer, ¶ 2.

waives a number of important constitutional rights when he pleads guilty, courts must diligently labor to ensure that bargaining which accompanies a guilty plea satisfies the constraints of fundamental fairness." *Baker, supra* (citations omitted). A plea bargain is fundamentally unfair where a defendant agrees to plead guilty in exchange for the promise of a specific prison sentence, ratified by the trial judge, but (as in the instant cause) is not informed of the parole term accompanying the sentence. *Id.*

The parties do not dispute that prior to his guilty plea, Johnson's attorney engaged in pretrial plea negotiations with both the assistant states attorney assigned to the case and the trial judge. Griffith Affidavit, ¶ 4; Kadish Affidavit, ¶ 5. Respondent contends, however, that these negotiations yielded no agreement. Therefore, respondent argues, Johnson entered his plea of guilty without a justified expectation of a specific sentence and was not deprived of the benefit of any bargain by receiving a sentence which included a mandatory parole term. *Cf. United States ex rel. Williams v. Morris,* 633 F.2d 71, 76 (7th Cir. 1980), *vacated on other grounds, Lane v. Williams,* —— U.S. ——, 102 S.Ct. 1323, 71 L.Ed.2d 508 (1982); *Bachner v. United States,* 517 F.2d 589, 597 (7th Cir. 1975). On the other hand, petitioner argues that he pleaded guilty in reliance on an agreement between his attorney and the prosecutor, ratified by the trial judge, to sentence him to eight years to eight years and one day—without any mention of a parole term.

Resolution of this case depends, in large part, on whether there was any plea bargain agreement concerning petitioner's sentence to which the trial court was bound.

Upon examination of the entire record in this case, the Court concludes as a matter of law that such an agreement did exist and the trial court's failure to advise the defendant that part of his bargain included a mandatory parole term violated the due process clause of the fourteenth amendment.

Gary Griffith, the assistant states attorney who participated in the plea negotiations with Johnson's trial counsel, has submitted an affidavit in support of respondent's motion for summary judgment stating that "no agreement was reached between defense counsel and myself as to any recommended sentence." Griffith Affidavit, ¶ 6. Griffith's affidavit also reveals, however, that the trial judge "did, in pretrial conference, indicate that he would sentence the defendant to eight (8) years to eight (8) years and one (1) day." Griffith Affidavit, ¶ 8. This latter representation is consistent with the sworn statement of Marc Kadish, petitioner's trial counsel, Kadish Affidavit, ¶ 6, and the understanding of Johnson himself, who learned of the judge's position through Kadish.[3] Johnson Affidavit, ¶ 6. The judge's commitment to sentence Johnson to eight years to eight years and one day is also reflected in the colloquy between Marc Kadish and Judge Prentice H. Marshall of the Northern District of Illinois in a sentencing proceeding on federal counterfeiting charges against Johnson several hours before petitioner pleaded guilty on the two state indictments for bank robbery. Kadish told Judge Marshall that "[w]e have a plea bargain agreement on the state matters" and that "Judge Sulski has agreed to impose eight to eight and a day."[4] Transcript of Proceedings, 76 CR 1255, pp. 3, 4–5 (June 10, 1977).

---

**3.** The trial judge has submitted an affidavit stating that he has no independent recollection of the circumstances of this case. Sulski Affidavit, ¶ 4.

**4.** The transcript of Johnson's change of plea also makes clear that the trial judge actively participated in the plea negotiations. Judge Sulski stated:

Let the record show that the Court has participated in the negotiations both the last

time this matter was up and also this morning. I spoke to both the State's Attorney and to Mr. Kaddish [sic]. I indicated to both of them that I would sentence this defendant, taking into consideration his previous criminal background, everything I learned from the pre-sentence investigation in court, also taking into consideration his willingness to cooperate with the Federal authorities.

The judge's expressed intention in plea negotiations to sentence Johnson to eight years to eight years and one day brings this case under the general principle of *Baker, supra.* *Baker* establishes that the trial court is bound to a plea bargain when it participates in the plea negotiation process and ratifies the resulting agreement. A defendant who pleads guilty in reliance on such an agreement cannot be sentenced to a term longer than he was promised. In the present case, the trial judge virtually sealed the plea agreement by disclosing the sentence he would impose once the petitioner pleaded guilty. This disclosure obviated the need for further negotiations between the states attorney and defense counsel. If a trial court is bound by an agreement it ratifies, it is surely bound by an agreement it authors.[5]

 Once the trial judge disclosed his intention, Johnson's reliance on that disclosure when deciding whether to plead guilty was entirely reasonable. The unfairness resulting from the court's failure to inform Johnson that his sentence would also include a parole term is not mitigated by the fact that the states attorney did not concur in the sentence. Only the trial court has the authority to make a promise the defendant can rely upon and enforce, if necessary. *Bachner, supra.* The prosecutor's unwillingness to agree to that promise does not alter its enforceable character.

> Therefore, the sentence will be 8 years to 8 years and one day in the Illinois Department of Corrections.
> Transcript of Change of Plea Proceedings, 76–5721, pp. 14–15 (June 10, 1977).
> Although the trial judge may not initiate a plea negotiation conference, Illinois Supreme Court Rule 402, unlike Federal Rule of Criminal Procedure 11, permits the judge to participate in plea discussions. Johnson's decision to plead guilty was, in large part, the result of the trial judge's participation in the plea discussions at issue in this case.

5. The trial judge's admonition to Johnson that he was "not bound by any agreement that may have been reached between the State's Attorney and your attorney" does not require a different result. Transcript, Change of Plea, p. 5. The record before us suggests that there was

Accordingly, petitioner's motion for summary judgment is granted and respondent's motion is denied. It is so ordered.

no agreement between the prosecuting attorney and the defense attorney to which the court could be bound. Rather, the court was bound to its own commitment to sentence Johnson to eight years to eight years and one day.

The trial judge's statements to the effect that he could sentence Johnson to a prison term of "four years to whatever" merely stated the possible range of penalties as set forth in the statute; the judge never expressed any intention to disregard his earlier commitment concerning Johnson's sentence. Indeed, this record reflects that neither the trial judge nor the attorneys seriously considered the mandatory parole term in their deliberations concerning Johnson's sentence.