UNITED STATES of America, ex rel.
Richard A. JOHNSON,
Petitioner-Appellee,

v.

Richard DeROBERTIS, Warden,
Stateville Correctional Center,
Respondent-Appellant.

No. 82–2105.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1983.

Decided Aug. 17, 1983.*

Opinion Sept. 23, 1983.

Sue A. Herrmann, Chicago, Ill., for petitioner-appellee.

Michael B. Weinstein, Deputy Atty. Gen., Chicago, Ill., for respondent-appellant.

Before PELL and ESCHBACH, Circuit Judges, and VAN PELT, Senior District Judge.**

ESCHBACH, Circuit Judge.

The petitioner brought this habeas corpus action to have a plea agreement specifically enforced. The district court granted summary judgment to the petitioner and the respondent appeals pursuant to 28 U.S.C. § 2253. Finding that the key factual issue is in dispute, we reverse the district court's judgment and remand the case for an evidentiary hearing.

I.

In the Circuit Court of Cook County the petitioner was charged with two counts of armed robbery. On June 10, 1977, he appeared before that court and pled guilty to both charges. The state court judge sentenced the petitioner to concurrent prison terms of 8 years to 8 years and 1 day. Under Illinois law, this sentence was automatically increased by a mandatory 5-year parole term, which was subsequently reduced by statute to 3 years, see Ill.Rev.Stat. ch. 38, § 1005–8–1(d).

After the petitioner learned of the mandatory parole term, he filed a post-convic-

---

* This appeal was originally decided by unpublished order on August 17, 1983. The court has subsequently decided to issue the decision as an opinion.

** The Honorable Robert Van Pelt, Senior District Judge for the United States District Court for the District of Nebraska, sitting by designation.

tion petition in the state trial court. The petitioner alleged that the state trial judge promised, in exchange for the guilty plea, to impose a sentence of 8 years to 8 years and 1 day. According to the petitioner, the parole period was not a part of the bargain and thus due process was violated by attaching a parole period to the prison sentence. The state trial court dismissed the post-conviction petition, the Appellate Court of Illinois affirmed the dismissal, and the Illinois Supreme Court declined to hear the matter.

The petitioner then brought this habeas corpus action seeking to have the parole term expunged from his sentence. Cross-motions for summary judgment were filed and the district court noted that "[r]esolution of this case depends, in large part, on whether there was any plea bargain agreement concerning petitioner's sentence to which the trial court was bound." 541 F.Supp. 547 at 549 (1982). After reviewing the submitted affidavits and transcript of proceedings in the state court, the district court held that "an agreement did exist and the trial court's failure to advise the defendant that part of his bargain included a mandatory parole term violated the due process clause of the fourteenth amendment." *Id.*

## II.

In *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir.1977), we held that the Due Process Clause of the Fourteenth Amendment is violated when a person pleads guilty in exchange for a promised sentence and the sentence actually imposed includes an additional parole term. *See id.* at 183. The respondent argues that *Baker* does not apply in the instant case because the plea agreement in *Baker* was between the prosecutor and the criminal defendant, whereas the alleged agreement in this case was between the trial court and the petitioner. The respondent has stated a difference between the cases but, in our view, it is an irrelevant difference. The trial court in *Baker* ratified the parties' plea agreement and therefore, in effect, the

*judge* promised Mr. Baker a certain sentence. *See id.* Because this promised sentence did not include a parole term, the imposition of such a term was inconsistent with the judge's promise and thus violative of due process. *See id.; accord United States ex rel. Williams v. Morris,* 633 F.2d 71, 76 (7th Cir.1980), *vacated as moot,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly in this case, the petitioner alleges that the trial court promised a certain sentence (8 years in prison), but unconstitutionally imposed a greater sentence (8 years plus a parole period).

■ Unable to distinguish *Baker* adequately, the respondent also asks us to reconsider *Baker* in light of *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Since *Timmreck* was decided, however, we have reaffirmed our holding in *Baker. See United States ex rel. Williams v. Morris, supra.* Indeed it is difficult to understand why the respondent believes that *Timmreck* casts doubt on the validity of *Baker.* The Court in *Timmreck* only held that collateral relief is unavailable to a federal prisoner for technical violations of Rule of Criminal Procedure 11 concerning plea procedures. *See* 441 U.S. at 785, 99 S.Ct. at 2088. *Timmreck,* unlike *Baker,* did not involve a criminal defendant who pled guilty in exchange for a specific sentence. The Court in *Timmreck,* therefore, had no occasion to consider the issue in *Baker* and the present case—i.e., whether due process is violated when a criminal defendant receives a sentence greater than that promised by the trial judge.

Because our decision in *Baker* is good law and because the petitioner's allegations bring this case within *Baker*'s purview, the critical issue in this case is whether the state trial judge did, in fact, promise the petitioner a fixed sentence of 8 years in return for the guilty plea. The respondent contends that the Appellate Court of Illinois found that the trial judge did not so promise and that this finding is entitled to be presumed correct under *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We have reviewed the appellate

court's opinion and cannot find such a finding; rather, that court only held that "there is no clear indication in the record that an agreement on the sentence had been reached." *People v. Johnson*, 90 Ill.App.3d 1199, 418 N.E.2d 523, 49 Ill.Dec. 669, slip op. at 4. The Appellate Court of Illinois made no specific finding-of-fact in this regard because the court held that even if the petitioner's allegations were true, post-conviction relief was inappropriate. *See id.* at 5. Because there is no state-court finding deserving deference, the federal district court is free to make its own finding. *See* 28 U.S.C. § 2254(d)(1).

■ The district court was not free, however, to enter summary judgment if the papers presented a genuine issue of fact. *See Blackledge v. Allison*, 431 U.S. 63, 80–81, 97 S.Ct. 1621, 1632–33, 52 L.Ed.2d 136 (1977); *United States ex rel. Cyburt v. Rowe*, 638 F.2d 1100, 1102 (7th Cir.1981). We believe, on the basis of the transcript of proceedings in the state court, that the respondent did place into question the petitioner's assertion that a plea agreement had been reached; therefore this issue of fact should have been resolved only after an evidentiary hearing.

When the petitioner pled guilty, the state court told the petitioner that "you are in effect submitting yourself to the mercy of this Court, you understand?" The petitioner replied: "That is correct, your Honor." In submitting himself to the mercy of the court, it appears that the petitioner had not been promised, and did not expect, a specified sentence. This interpretation of the exchange is confirmed by the trial court's statement that "I could sentence you on the one charge for 4 to whatever. And I could sentence you on that second one, and that second sentence could run consecutively with the first one .... The law provides that I could do that."

Later in the plea proceeding, the state trial court admonished the petitioner that "I just want you to know I am not bound by any agreement or recommendation that anybody makes to me. I would still sentence you to from 4 to whatever." Moreover, the court asked the petitioner whether any "threats or promises were made." The petitioner replied: "No, your honor." The entire discussion between the court and the petitioner, therefore, belies the petitioner's allegation that the state court promised the petitioner a specific sentence. After reading the transcript one is left with the distinct impression that the petitioner in pleading guilty, did what he stated he was doing—submitted himself "to the mercy" of the court.

The petitioner asks us to disregard the state trial court proceeding because, according to the petitioner, the judge's words were merely perfunctory statements that were required by Illinois Supreme Court Rule 402. We will not ignore the proceeding, however, because even if the state judge did not mean what he said, the petitioner was not bound by any rule when he stated that no promises had been made. In any event, we doubt that Rule 402 mandated the trial court's statements in this case. If the court did promise the petitioner a certain sentence, Rule 402 did not require the court to tell the petitioner that he was submitting himself to the mercy of the court. Moreover, Rule 402 does not require a trial judge, who has agreed to a specific sentence, to state that he is not bound by that agreement. *See* Ill.S.Ct.Rule 402(d)(3) (contemplating that a court is bound by its ratification of a plea agreement).

We are not suggesting that the state court transcript requires entry of summary judgment for the respondent. On the contrary, the attorney who represented the petitioner in the state criminal proceedings, submitted an affidavit that squarely contradicts the impression left by the transcript. In this affidavit the attorney states that during negotiations, the trial judge "stated at that time that he would sentence [the petitioner] to 8 years to 8 years and 1 day on each charge." Other affidavits are less illuminating because the petitioner was not personally involved in the negotiations and the state prosecutor merely states in his affidavit that the trial judge "indicate[d]" that he would impose a sentence of 8 years.

None of the affidavits explains why the trial court stated that it was not bound by any agreement and that the petitioner was submitting himself to the mercy of the court. Also none of the affidavits explains why the petitioner stated that promises were not made. Perhaps the judge promised a specific sentence, perhaps the judge implied that a particular sentence would be imposed, or perhaps the petitioner merely hoped for a certain sentence. After an evidentiary hearing is held, the parties' seemingly contradictory versions may be reconcilable; if not, the district court must consider the conflicting evidence and make findings-of-fact.

### III.

For the reasons expressed in this order, the judgment of the district court is reversed and the case is remanded with instructions to hold an evidentiary hearing.