952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Troy GILLMORE, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 91-35337.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1992.*
Decided Jan. 14, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Gillmore appeals the dismissal by the district court of his petition for the writ of habeas corpus.
 
 
 3
 The decision to grant or deny a petition for habeas corpus is reviewed de novo. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986).
 
 
 4
 Gillmore argues that his statement "should I be calling someone?" was an invocation of the right to counsel under Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), requiring the officers to cease interrogation until counsel was made available. As a general matter, requests for counsel are to be given broad effect even when less than all inclusive. Connecticut v. Barrett, 479 U.S. 523, 529 (1987).
 
 
 5
 Gillmore first argues that his case is analogous to Robinson v. Borg, 918 F.2d 1387 (9th Cir.1990). In that case, this court held that the statement "I have to get me a good lawyer, man. Can I make a phone call?" was an unequivocal request for counsel. Id. at 1391. Alternatively, Gillmore argues that his question was, at least, an equivocal request for counsel. In such cases, questioning must cease, except that the police may clarify the suspect's desire for counsel. Robtoy v. Kincheloe, 871 F.2d 1478, 1482 (9th Cir.1989).
 
 
 6
 Gillmore's statement was insufficient as an invocation of the right to counsel. Gillmore's words constitute a question, not a statement, and do not specifically refer to lawyers. Gillmore points to no case in which a statement that did not refer to a lawyer either on its face or as an answer to a question concerning counsel was held to be an unequivocal or equivocal invocation of the right to counsel.
 
 
 7
 Gillmore argues that his confession was the product of psychological pressure. He points to the fact that police did not inform him of the charges against him when he was arrested, that they implied that his fingerprints were found at the scene of the crime, that they exploited his relationship with Sgt. Walliker and his desire to be a police officer.
 
 
 8
 Whether the confession was voluntarily given is determined by the totality of the circumstances. Frazier v. Cupp, 394 U.S. 731, 739 (1969). The traditional indicia of coercion are " 'the duration and conditions of detention, the manifest attitude of the police toward [the defendant], [the defendant's] physical and mental state, the diverse pressures which sap or sustain [the defendant's] powers of resistance and self-control.' " Colorado v. Spring, 479 U.S. 564, 574 (1987) (quoting Culombe v. Connecticut, 367 U.S. 568, 602 (1961)).
 
 
 9
 Gillmore makes no allegation that the interrogation was unusually long or uncomfortable. Indeed the questioning lasted less than one hour. Nor do the techniques used by the officers appear coercive. As to the failure to inform of the charges, the Supreme Court, in Colorado v. Spring, 479 U.S. at 577, held that failure to inform a defendant of the charges against him did not constitute coercion within the meaning of the Fifth Amendment. Although his fingerprints were procured in a deceptive fashion, this does not negate the fact that they were voluntarily given.[1] Gillmore's decision to call his neighbor, Walliker, was voluntary and his response to the fingerprints statement was spontaneous.
 
 
 10
 We agree with the district court that the totality of the circumstances indicate the confession was not coerced.
 
 
 11
 Gillmore argues his confession to Sgt. Walliker was obtained in violation of his Sixth Amendment right to counsel.[2] The record indicates that it was not Walliker but Gillmore who initiated the conversation, and that the officer repeatedly warned Gillmore that he should not speak without counsel. Gillmore's insistence on talking to Walliker constituted a valid waiver of his Sixth Amendment rights.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The courts have held that even false statements by officers made to induce confessions do not necessarily lead to a finding of coercion. See, e.g., Frazier, 394 U.S. at 739 (defendant told falsely that co-defendant had confessed); Norman v. Ducharme, 871 F.2d 1483, 1487-88 (9th Cir.1989) (defendant told that two co-defendants had implicated him, when only one had). The trickery engaged in here was much less serious
 
 
 [2]
 The January conversation took place after arraignment, thus the Sixth Amendment right to counsel had attached. Michigan v. Jackson, 475 U.S. 625, 629 (1986)