963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim L. OWENS, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 88-6623.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kim L. Owens is a California state prisoner. Owens petitioned for a writ of habeas corpus alleging that incriminating statements he made to a fellow inmate, later used by the state to convict him of robbery and assault, were obtained in violation of his Sixth Amendment right to counsel and Miranda v. Arizona, 384 U.S. 436 (1966). The district court dismissed the petition and Owens appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * We review de novo the district court's dismissal of a habeas corpus petition. Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985). We apply a clearly erroneous standard in reviewing findings of fact. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987).
 
 II
 
 4
 On April 20, 1986, Gary Moorhead, an inmate at the California Men's Colony ("CMC"), was assaulted in his cell and robbed by two masked fellow inmates. In the assault, Moorhead suffered a seven-inch head wound which required fifty-six sutures.
 
 
 5
 Approximately five minutes after the assault, a correctional officer stopped Owens, also an inmate at the CMC, who was carrying items taken from Moorhead's cell during the robbery. At that time, Owens was read his Miranda rights and placed in administrative segregation.
 
 
 6
 On May 5, 1986, a request for prosecution was sent from CMC to the local district attorney. The district attorney refused to prosecute Owens, stating that there was insufficient evidence to bring charges for the robbery and assault.
 
 
 7
 During the investigation of Owens, inmate Dale Armand Anderson informed Lt. Richard Bellman, an officer at the CMC, that he was communicating with Owens through a vertical plumbing shaft in the prison. On August 7, 1986, after the district attorney refused to prosecute, but while Owens was still in administrative segregation, Lt. Bellman and Sgt. John Schmidt arranged to have Anderson elicit information from Owens about the robbery and assault. Sgt. Schmidt listened to the conversation with the aid of an electronic eavesdropping device placed in the plumbing shaft.
 
 
 8
 During the course of the monitored conversation, Owens made incriminating statements. On the basis of those statements, the district attorney agreed to prosecute Owens, and on November 4, 1986, Owens was charged with robbery and assault. The district attorney introduced the incriminating statements against Owens at trial. Owens was subsequently convicted of assault by a life prisoner and robbery, and was sentenced to life imprisonment without the possibility of parole for nine years.
 
 III
 
 9
 Owens first contends that the incriminating statements he made to Anderson were obtained in violation of his Sixth Amendment right to counsel.
 
 
 10
 The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A person's Sixth Amendment right to counsel attaches "at or after the time that adversary judicial proceedings have been initiated against him." Kirby v. Illinois, 406 U.S. 682, 688 (1972). The initiation of judicial criminal proceedings begins when "the government has committed itself to prosecute, [for it is] only then that the adverse positions of government and defendant have solidified." Id. at 689.
 
 
 11
 In United States v. Pace, 833 F.2d 1307 (9th Cir.1987), cert. denied, 486 U.S. 1011 (1988), we clarified that the Sixth Amendment right to counsel does not attach at the time of detention. It attaches only upon (1) formal charge, (2) preliminary hearing, (3) indictment, (4) information, or (5) arraignment. Id. at 1310.
 
 
 12
 In this case, Owens had not been formally charged at the time he made the incriminating statements. No preliminary hearing had been held, no indictment returned, no information filed and no arraignment conducted. While the state court found that Owens was in custody at the time that he made the incriminating statements, custody alone does not implicate the Sixth Amendment right to counsel. Id. at 1311.
 
 
 13
 Because adversary judicial proceedings had not been initiated at the time that Owens made the incriminating statements, Owens' Sixth Amendment right to counsel had not attached. Indeed, it was only on the basis of Owens' incriminating statements that adversary judicial proceedings were initiated at all. Owens' argument that he did not waive his Sixth Amendment right to counsel, is, for the same reason, without merit.
 
 IV
 
 14
 Owens next contends that "more than one month had passed between July 4, 1986, which was the last time he was advised of his Miranda rights, and when the surreptitious interrogation occurred on August 7, 1986."
 
 
 15
 Before government officials conduct a custodial interrogation of a criminal defendant, they must inform him of his Fifth Amendment right to remain silent and to receive assistance of counsel. Miranda v. Arizona, 384 U.S. 436 (1966). In Illinois v. Perkins, 110 S.Ct. 2394 (1990), however, the Supreme Court held that an undercover law enforcement officer is under no obligation to give Miranda warnings to an incarcerated suspect before asking questions that may elicit incriminating responses. "Conversations between suspects and undercover agents do not implicate the concerns underlying Miranda," the Court stated, because "[t]he essential ingredients of a 'police-dominated atmosphere' and compulsion are not present." Id. at 2397. Furthermore, "Miranda was not meant to protect suspects from boasting about their criminal activities in front of persons whom they believed to be their cellmates." Id. at 2398.
 
 
 16
 In this case, the state court found that while Anderson was a government agent, Owens had not been subjected to a custodial interrogation requiring Miranda warnings. In view of Illinois v. Perkins, 110 S.Ct. 2394 (1990), we agree.
 
 
 17
 Because Owens' allegations, even if proved, would not entitle Owens to relief, the district court was not required to hold an evidentiary hearing on Owens' claims. Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.), cert. denied, 469 U.S. 838 (1984).
 
 V
 
 18
 The district court's dismissal of the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3