992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Mark DOW, Petitioner-Appellant,
v.
James GOMEZ, et al., Respondent-Appellee.
 No. 92-55749.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 27, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges; and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Dow was convicted of first-degree felony murder, and sentenced to 25 years to life. He appeals the district court judgment dismissing with prejudice his petition for writ of habeas corpus. We Affirm.
 
 
 4
 The denial of a petition for writ of habeas corpus is reviewed de novo. Nevius v. Sumner, 852 F.2d 463, 466, (9th Cir.1988). The district court's factual findings are presumed correct unless "clearly erroneous." Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986).
 
 
 5
 Appellant claims that he did not receive adequate notice that he was being charged with and tried for first degree murder, since the information did not charge first degree murder.
 
 
 6
 It is clear that Appellant received adequate notice of the charges against him. Sheppard v. Rees, 909 F.2d 1234 (9th Cir.1990). The prosecutor stated his intention to proceed under a felony murder theory, and defense counsel indicated his awareness of this as well.
 
 
 7
 Appellant claims it was improper for the trial court to instruct the jury regarding first degree murder, or to fail to instruct the jury that to convict, they must unanimously find either premeditation or felony-murder.
 
 
 8
 The Supreme Court has held that jurors need not agree on the theory of murder to convict, or a particular mode of committing a crime. Schad v. Arizona, 111 S.Ct. 2491 (1991). In Schad, the prosecutor advanced theories of both felony-murder and premeditated murder, and general verdict forms were given. The defendant was convicted of first degree murder.
 
 
 9
 Appellant is entitled to a unanimous verdict--not to unanimity of opinion as to the manner in which the crime was committed. Id.
 
 
 10
 Mr. Dow claims that his right to confront the witnesses against him was violated by admission of a tape-recorded statement of Mr. Hodge, a prosecution witness.
 
 
 11
 At trial, defendant's testimony that the statements were only "rumors" was inconsistent with his prior, taped testimony that defendant had told Mr. Hodge he shot someone. The statement was admitted for impeachment, and for the truth of the matter asserted. Even though it is hearsay, it is excepted as a prior inconsistent statement. There was no error in admitting this testimony, since the witness testified and was subject to cross-examination. California v. Green, 399 U.S. 149 (1970).
 
 
 12
 The government claims that this court lacks jurisdiction to second-guess the trial court's ruling on admissibility of evidence. Habeas review is limited to deciding if a conviction violates the constitution, laws, or treaties of the United States. Estelle v. McGuire, 112 S.Ct. 475 (1991).
 
 
 13
 The trial court' ruling regarding admissibility of evidence is a state evidentiary issue non-cognizable in a habeas proceeding. Id. at 480, 482.
 
 
 14
 Appellant challenges the district court's giving of an aiding and abetting instruction. The government claims that this issue is time-barred because appellant is raising it for the first time on appeal.
 
 
 15
 Appellant's habeas petition claimed that the trial court erred in giving the instruction because the charging effectively amended the original charge of murder with malice aforethought into a felony murder prosecution which failed to apprise him of charges against him. Defendant did not, however, address the issue he now raises, that the CALJIC 3.0 instruction lacked the requirement that the aider and abettor have the "specific intent" to aid in the principal's crime. This particular issue was not raised below, and we do not reach it now.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3