34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnell MOORE, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent; Attorney General of
California, Respondents-Appellees.
 No. 93-56730.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 12, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donnell Moore appeals pro se the district court's denial of his petition for writ of habeas corpus. Moore claims his convictions of first degree murder and attempted murder should be reversed because his trial counsel failed to investigate an alibi defense. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review de novo a district court's dismissal of a habeas petition. Zimmerlee v. Keeney, 831 F.2d 183, 185 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). We review a district court's findings of fact for clear error. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). "[T]o demonstrate ineffective assistance of counsel, a habeas petitioner must show that counsel's performance fell below that of a reasonable attorney, and that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different." Hamilton v. Vasquez, 17 F.3d 1149, 1155 (9th Cir.), cert. denied, 114 S.Ct. 2706 and 2728 (1994).
 
 
 4
 Moore was convicted of shooting Julian Johnson and Eddie Thomas on a Los Angeles street corner at approximately 1:30 pm on January 5, 1986. Johnson died of multiple gunshot wounds.
 
 
 5
 At trial, Doris Rankin, the mother of Moore's daughter, testified that a truck she had seen Moore drive was burned near her house in the early morning of January 5, 1986. Later the same day, Moore had borrowed her blue Camaro. A few hours after Moore returned the car, police impounded and searched it.
 
 
 6
 Thomas testified that he and Johnson had been walking when a blue Camaro started following them. A man jumped out, accused them of having burned his truck, and shot at them. Thomas fell to the ground, unharmed. He identified Moore as the shooter.
 
 
 7
 Eli Henderson and Timothy Kidd witnessed the incident from a parked car. Kidd identified Moore as the shooter. The evidence showed that spent shotgun shells from the murder scene matched live ammunition and shells found in the trunk of Rankin's Camaro.
 
 
 8
 Moore filed a petition for writ of habeas corpus, alleging that his trial counsel had failed to call alibi witnesses whose testimony would have shown that he was at the Regis Club when the shooting occurred, and that he had loaned Rankin's car to someone else. The district court appointed counsel and held an evidentiary hearing to consider these allegations.
 
 
 9
 Moore's wife, Rita Jones, and her cousin, Ronald Washington, testified at the evidentiary hearing that Moore had been at the Regis Club at the time of the shooting. Washington stated that Moore had loaned him the Camaro from 1:00 to 2:30 pm so that he could visit his girlfriend. Brett Anderson testified that he saw Moore hand Washington the keys between 12:30 and 2:00 pm. Jones stated further that Moore's trial counsel, Alan Eakin, had told her she would not make a good witness.
 
 
 10
 Eakin testified that he had hoped to pursue an alibi defense, but that no witness had come to light. He stated that Moore had never told him about Washington or Anderson. J. Charles Evans, Eakin's investigator, testified that Jones had been uncooperative.
 
 
 11
 In light of prior inconsistent sworn statements of Jones, Washington and Anderson, the district court concluded that Moore's claim of ineffective assistance was not credible. We discern no clear error. See Carter, 806 F.2d at 1375. We decline to entertain claims Moore failed to raise in his first amended petition. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir.1989) (amended complaint supersedes original).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Moore's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3