127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kerry GARLICK, Petitioner-Appellant,
v.
James H. GOMEZ, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55674.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Oct. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California A. Andrew Hauk, District Judge, Presiding
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kerry Garlick, having pled guilty to second degree murder, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm. Because the parties are familiar with the factual and procedural background, we will not detail it here.
 
 
 3
 Garlick argues that he was denied effective assistance of counsel when his attorney failed to make a pre-trial motion to suppress statements Garlick made to San Bernandino County Sheriff's investigators. Under Strickland v. Washington, 466 U.S. 688, 687-694 (1984), a defendant must show both that counsel's representation was below the standard of reasonableness, and that it is reasonably probable that the result of the proceeding would have been different had counsel's errors and omissions not occurred. In this case, Garlick's counsel made an oral pre-trial motion to suppress at the preliminary hearing. Garlick argues that the motion should have been renewed in writing before the superior court, either in the form of a common law suppression motion, a motion to set aside the indictment pursuant to California Penal Code section 995, or a motion to suppress the confession and its fruits pursuant to California Penal Code section 1538.5. Garlick's counsel had a choice: he could renew the motion or pursue a guilty plea to a lesser charge. With Garlick's consent, he elected to pursue the guilty plea. The magistrate judge correctly determined that the tactical decisions made in this case were not unreasonable. Thus, counsel was not constitutionally deficient in his performance and Garlick was not denied effective assistance of counsel. Having reached this issue, we need not consider whether Garlick was prejudiced by the actions or whether Garlick's confession should have been suppressed under Edwards v. Arizona, 451 U.S. 477 (1981).
 
 
 4
 Garlick's contention that he was denied effective assistance of appellate counsel is similarly flawed. Claims of ineffective assistance of appellate counsel are also reviewed under the Strickland standard. See Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1988). Garlick has failed to show that appellate counsel's performance was deficient. As the magistrate judge noted, appellate counsel could not have brought Garlick's ineffective assistance of trial counsel claim on direct appeal. Moreover, because trial counsel's performance was not constitutionally deficient, appellate counsel was not ineffective for failing to pursue those claims on collateral habeas corpus review.
 
 
 5
 Garlick further argues that the sentencing judge misadvised him of the length of his parole after Garlick's release from prison. The defendant's burden in the case of a misinformed plea is to show not only that an error was made by the judge, but that he was prejudiced by that error. United States v. Rivera-Ramirez, 715 F.2d 453, 456 (9th Cir.1983). In other words, he must show that if properly advised of the consequences of his plea decision, he would not have pleaded guilty. Id.
 
 
 6
 The magistrate judge found unpersuasive the petitioner's claim that he would have refused to plead guilty but for this mistake. This factual finding, later adopted by the district court, is not clearly erroneous. See Carter v. McCarthy, 806 F.2d 1373, 1377 (9th Cir.1986).
 
 
 7
 For these reasons, we affirm the judgment of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3