No. 87–5570. FORD *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

The issue here is whether it is consistent with the Federal Magistrates Act for a district court to delegate jury selection to a magistrate. In this case, petitioner was convicted by a federal jury on the felony charge of stealing Government property. A United States Magistrate presided over the selection of the jury which, despite the relatively routine nature of the charges, took about four hours and was not free of difficulty. Neither the Government nor defense counsel expressly consented or objected to the Magistrate's presiding over the *voir dire* proceedings. On appeal, petitioner argued that the District Court violated the Federal Magistrates Act, 28 U. S. C. §§ 631–639 (1982 ed. and Supp. III), by allowing the Magistrate to preside over jury selection. A

panel of the Fifth Circuit rejected this argument. 797 F. 2d 1329 (1986), cert. denied, 479 U. S. 1070 (1987).

The case was accepted for rehearing en banc, and in a split decision the full court affirmed, though on other grounds. It ruled that the Act does not grant a district court the power to delegate jury selection to a magistrate as an "additional dut[y]" under 28 U. S. C. § 636(b)(3), and that the opposite construction of this section would pose "grave constitutional issues." 824 F. 2d 1430, 1435 (1987). Nonetheless, it affirmed the conviction because petitioner had failed to object to this procedure at trial and the violation did not amount to plain error because it did not render the trial fundamentally unfair. Judge Jolly concurred in the result, concluding that under the Act and the Constitution a magistrate may conduct *voir dire* at a jury trial unless the defendant objects. *Id.*, at 1439. Judge Rubin dissented, joined by three other judges, concluding that it does not violate either the Act or the Constitution for a magistrate to conduct the *voir dire* proceedings in a criminal trial. *Id.*, at 1440–1448.

If the decision below is incorrect, and this use of the magistrate violates either the Act or the Constitution, then it is not obvious that this violation can be dismissed under the "plain error" doctrine. And the position of the Fifth Circuit on this issue conflicts with two decisions of the Ninth Circuit. *United States* v. *Peacock*, 761 F. 2d 1313, 1317–1319, cert. denied, 474 U. S. 847 (1985); *United States* v. *Bezold*, 760 F. 2d 999, 1001–1003 (1985), cert. denied, 474 U. S. 1063 (1986). See also *United States* v. *Rivera-Sola*, 713 F. 2d 866, 872–873 (CA1 1983) (dictum). The split among the Circuits on this issue warrants our granting certiorari.