**George N. ALLEN, Petitioner–Appellant,**

v.

**B.J. BUNNELL, Respondent–Appellee.**

No. 88–6305.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 1989.

Decided Dec. 11, 1989.

George N. Allen, Tehachapi, Cal., pro se.

John K. Van de Kamp, Atty. Gen., Steve White, Asst. Atty. Gen., Marc E. Turchin, Supervising Deputy Atty. Gen., Robert S. Henry, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before SCHROEDER and BEEZER, Circuit Judges, and KING,* District Judge.

PER CURIAM:

On June 30, 1983, petitioner agreed to plead guilty to rape, kidnapping, and unlawful sexual intercourse in exchange for receiving a twelve-year sentence. On August 2, 1983, petitioner was sentenced to California state prison for a term of eleven years and four months. Petitioner appealed this sentence on August 30, 1983. On May 18, 1984, the judgment was affirmed by the California Court of Appeal.

Petitioner's petition for a writ of habeas corpus in the Los Angeles County Superior Court on July 29, 1987, was denied by reference to *In re Carabes,* 144 Cal.App.3d 927, 193 Cal.Rptr. 65 (1983). Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, Second Appellate Division, on August 13, 1987. The petition was denied. Petitioner's petition for a writ of habeas corpus in the California Supreme Court was denied by that court on October 28, 1987.

Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Central District of California. He alleged that when he agreed to plead guilty, he was not informed that he would be placed on parole after he had served his prison time. Arguing that this failure violated his federal right to due process, petitioner requested that he be discharged from any parole time.

On April 6, 1988, the District Court dismissed the petition, adopting the magistrate's findings and conclusions. The mag-

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

istrate found that petitioner was not informed of California's mandatory parole provisions during petitioner's guilty plea negotiations in 1983. The magistrate found that

> [t]his matter is controlled by *Carter v. McCarthy*, 806 F.2d 1373 (9th Cir.1986) which held that "for purposes of determining whether a plea is voluntarily and intelligently made, the critical fact is not that the imposition of the parole term is mandatory but that the parole term is to be served in addition to the term of the confinement under the sentence. In these circumstances, the judge handling the criminal proceedings must advise the defendant, inter alia, of the maximum period his liberty may be restrained both by way of imprisonment and parole."

Thus, under California law, if informed of the California mandatory parole provisions, a defendant could be required to serve the actual sentence imposed *plus* the mandatory parole imposed. This Court holds that if a defendant is *not* informed of the mandatory parole requirement, then the *maximum* time in custody plus in parole status cannot exceed the length of the actual sentence imposed. In petitioner's case, it will be over 5 more years before that happens.

Petitioner's petition was dismissed without prejudice, so that he is not barred from petitioning for habeas relief should the total parole time imposed plus actual custody time exceed 11 years and 4 months.

District court decisions on habeas corpus petitions are reviewed de novo. *Grooms v. Keeney*, 826 F.2d 883, 885 (9th Cir.1987); *Weygandt v. Ducharme*, 774 F.2d 1491, 1492 (9th Cir.1985).

Petitioner's right to due process requires that his guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274

(1969). For a guilty plea to be voluntary and intelligent, the court must advise defendant of all the direct consequences of his plea. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). At the time that defendant pleaded guilty, this circuit did not recognize a mandatory parole term as being a direct consequence of which the defendant must be advised when pleading guilty.[1] Therefore, acceptance of petitioner's guilty plea was not a violation of petitioner's right to due process despite the court's failure to advise him of the mandatory parole term.

It was not until 1986, in *Carter v. McCarthy*, 806 F.2d 1373 (9th Cir.1986), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987), that this circuit found that a statutory mandatory parole term is a direct consequence of a guilty plea. Carter pleaded guilty in exchange for a two-year sentence. He was released after serving sixteen months and placed on probation for three years. During this probation period, he was arrested on charges that were subsequently dismissed for lack of evidence; however, he served an additional year in prison because his parole was revoked. After his release from this additional year, he was again arrested and his parole was again revoked and he was again sentenced to a year in prison.

The district court granted Carter's petition for a writ of habeas corpus and this court affirmed, finding that Carter's right to due process was violated by the court's failure to inform him of the mandatory parole term that was to be served in addition to his agreed upon sentence. *Carter*, 806 F.2d at 1376.

In the case at bar, the district court, in denying petitioner's petition, found that the matter was "controlled" by *Carter*, but that petitioner's right to due process was not violated because the total of actual

---

1. On July 13, 1983, the California Court of Appeal held that a mandatory parole term is a direct consequence of a guilty plea which the court must inform the defendant of before accepting his guilty plea. *In re Carabes,* 193 Cal. Rptr. 65, 144 Cal.App.3d 927 (1983). Petitioner's guilty plea was taken on June 30, 1983; so the state court found that it was not subject to

*Carabes* which explicitly held that it was to be applied prospectively only. 193 Cal.Rptr. at 69 n. 4. Petitioner's judgment of sentence was not entered until August 2, 1983, and petitioner appealed this judgment on August 30, 1983, and the judgment was not affirmed until May 18, 1984.

imprisonment plus the mandatory parole term was less than the sentence that petitioner agreed to.[2] Respondent requests that this court explicitly reject any retroactive application of *Carter*.

*Carter* did not specify whether it was to be applied retrospectively or only prospectively. We agree that retroactive application would not be warranted. Firstly, two of the cases that the court relied upon in *Carter* have prospective application only. In *Carter*, we adopted the reasoning of *Carabes* which held explicitly that it was to be applied prospectively only. *Carabes*, 193 Cal.Rptr. at 69 n. 4. The *Carter* court also based its holding upon *Boykin* which this circuit has held on numerous occasions is not to be retroactively applied. *See, e.g., Moss v. Craven*, 427 F.2d 139, 140 (9th Cir.1970); *Sailer v. Gunn*, 548 F.2d 271, 276 (9th Cir.1977); *De Kaplany v. Enomoto*, 540 F.2d 975, 978 n. 4 (9th Cir.1976), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977).

Secondly, application of the three factors traditionally used in analyzing whether a new constitutional rule of criminal procedure should be given retroactive effect in final cases on collateral review yields the same result. These factors are as follows: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Allen v. Hardy*, 478 U.S. 255, 258, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986) (citations omitted).

When the purpose of the new rule is "to ensure the accuracy of the determination of guilt, or to correct an abuse that endangers 'the very integrity of the fact-finding process,'" then the rule has been applied retroactively. *Meadows v. United States*, 420 F.2d 795, 798–99 (9th Cir.1969), *cert. denied*, 402 U.S. 948, 91 S.Ct. 1607, 29 L.Ed.2d 118 (1971) (quoting *Linkletter v. Walker*, 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601 (1965)). When the new rule has dealt with constitutional due

process, retroactive application has been rare. *See, e.g., Linkletter* (declining to apply retroactively the rule spelled out in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)); *Tehan v. United States*, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) (declining to apply *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), retroactively); *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) (limiting *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), to prospective application only).

The second and third factors likewise advise against a retroactive application, since law enforcement authorities have probably relied upon the old standard and there would be a considerable impact on judicial administration should *Carter* be given retroactive effect.

*Carter* has no retroactive application. For that reason, denial of petitioner's petition for writ of habeas corpus is AFFIRMED.

---

**2.** Petitioner claims that he was told that he would only have to serve half of the sentence imposed because of the credit for good-time and work-time provided by § 2933 of the Cal.Penal

Code. However, neither the transcript of the plea-taking nor the actual plea agreement contain any reference to such a promise.