**UNITED STATES of America, Plaintiff,**

v.

**Charles MAKAWEO, Defendant.**

**Civ. No. 89–0564 AWT.**

United States District Court,
D. Hawaii.

Feb. 5, 1990.

Daniel Bent, U.S. Atty., Dist. of Hawaii, and Louis A. Bracco, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff.

Michael R. Levine, Federal Public Defender, Dist. of Hawaii, and Alexander Sil-vert, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge, Sitting by Designation.

This is a prisoner's petition under 28 U.S.C. § 2255 claiming a right to be released because his sentence was imposed in violation of the Constitution and laws of the United States. The petition was filed *pro se*. After deferring submission pending the Ninth Circuit's ruling on the "waiver" issue, the Federal Public Defender (who was petitioner's trial counsel) was appointed to represent him in this proceeding. 18 U.S.C. § 3006A(a)(2)(B). The issues have now been fully briefed.

After trial by jury, petitioner was convicted of numerous drug and conspiracy charges and sentenced to a 20–year term of imprisonment. *United States v. Charles Makaweo*, Crim. No. 85–1987(01). Sentence was imposed on September 3, 1986. No appeal was taken and petitioner is now serving his sentence. His conviction is final. As was then customary in this district, jury selection was presided over by a United States Magistrate. No objection to this procedure was made. At the commencement of trial (before opening statements) the district judge inquired whether or not there were any problems with jury selection and all counsel responded in the negative.

In *Gomez v. United States,* —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Court held that the unconsented to selection of a jury in a criminal case by a magistrate is not authorized by the Magistrates Act. This petition is premised on the retroactive application of *Gomez* to cases on collateral review.

### WAIVER

The first issue is whether petitioner, not having objected to the procedure or taken a direct appeal on the issue, has waived his right to claim the benefit of *Gomez.* In *United States v. France,* 886

F.2d 223 (9th Cir.1989), this Circuit held that in light of the prevailing settled state of circuit law, the failure to object to magistrate-conducted jury selection did not waive defendant's right to object on direct appeal. *Id.* at 228. The Circuit's reasoning behind application of the non-waiver rule on direct appeal is just as applicable to collateral review. Therefore, petitioner is not precluded by "waiver" from raising his *Gomez* error claim in this proceeding.

## RETROACTIVITY

■ *Gomez* is completely silent as to its retroactive application. *France* expressly avoids decision of the issue of whether *Gomez* "should be afforded 'complete' retroactive effect and applied to convictions pending on collateral review." *Id.* at 227 n. 2. *France, id.*, however, does refer us to *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), on this issue. In *Teague,* Justice O'Connor, apparently speaking for a majority,[1] announced the rule that, "Unless they fall within an exception to the general rule, new Constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 1075 (footnote omitted).

Petitioner's conviction became final in 1986. Thus, *Gomez* would not be applicable to this case, unless it falls within an exception to the *Teague* rule. The first exception, according constitutional protection to primary conduct, does not apply and petitioner so concedes. The second exception to non-retroactive application is creation of a new "bedrock procedural element," the absence of which would "undermine the fundamental fairness that must underlie a conviction or seriously diminish the likelihood of obtaining an accurate conviction." *Id.* at 1077. Earlier in the opinion, formulation of this second *Teague* exception is explained thusly:

We believe it desirable to combine the accuracy element of the *Desist [v. United States,* 394 U.S. 244, 262, 89 S.Ct. 1030, 1040, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting) ] version of the second exception with the *Mackey [v. United States,* 401 U.S. 667, 693, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971) (separate opinion of Harlan, J.) ] requirement that the procedure at issue must implicate the fundamental fairness of the trial.

*Id.* at 1076.

In determining the applicability of the second *Teague* exception to the *Gomez* rule, it should first be observed that *Gomez* is not a *constitutional* procedural rule—it is one only of statutory construction. Thus, it would seem that on collateral review "bedrock procedural element" should be given a narrower construction than in the case of constitutional error. Second, *Teague* itself holds that whether a fair cross-section is constitutionally required of a petit jury (as opposed to the venire) does not come within the second exception. The *Gomez* rule is clearly not more, and probably less, of a "bedrock" rule than the fair cross-section rule considered in *Teague.* Finally, the Fifth Circuit sitting *en banc* has held that jury selection by a magistrate does not undermine fundamental fairness. *United States v. Ford,* 824 F.2d 1430, 1431, 1438–39 (5th Cir.1987) (*en banc* ), *cert. denied,* 484 U.S. 1034, 108 S.Ct. 741, 98 L.Ed.2d 776 (1988).

Given the above, the Court concludes that *Gomez* is not the kind of bedrock procedural element entitled to full retroactive application under *Teague.* The Court acknowledges that the Ninth Circuit has characterized the *Gomez* rule as one that "touches on ... the right to a fair and accurate trial." And that the rule is "designed to enhance the accuracy of a criminal trial." *France,* 886 F.2d at 228. However, nowhere in *France* is it stated or even intimated that magistrate selection of

---

1. Parts IV and V of Justice O'Connor's opinion were joined in by only three other Justices. However, Justice White in his concurrence states that "the result reached in Parts IV and V of Justice O'Connor's opinion is an acceptable application in collateral proceedings of the theories embraced by the Court in cases dealing with direct review and I concur in that result." *Id.* at 1079.

a felony jury "undermined" the fundamental fairness of a criminal trial or "seriously diminished the likelihood" of obtaining an accurate conviction.[2]

### CAUSE AND ACTUAL PREJUDICE

 Under *United States v. Frady*, 456 U.S. 152, 162–66, 102 S.Ct. 1584, 1591–93, 71 L.Ed.2d 816 (1982), collateral relief from unobjected to trial error requires a showing of cause and actual prejudice.

The Court agrees with *United States v. Baron*, 721 F.Supp. 259 (D.Hawaii 1989), that *France*, in the circumstances then prevailing in this district, dispenses with the "cause" requirement of *Frady*. However, the Court respectfully disagrees with *Baron's* analysis of the actual prejudice requirement.[3]

*France* discusses only the "potential" for incurable error. 886 F.2d at 226. Further, harmless error analysis on direct review is not the same as actual prejudice analysis on collateral review. *Cf. Virgin Islands v. Williams*, 892 F.2d 305, 313–14 (3d Cir. 1989) (harmless error not the same as plain error; unobjected to *Gomez* error not plain error where no showing that either integrity of trial or accuracy of verdict impeached) (Mansmann, J., concurring); *accord United States v. Mang Sun Wong*, 884 F.2d 1537, 1545–46 (2d Cir.1989). The petition here advances no factual assertions as to how petitioner may have been prejudiced by a magistrate, rather than a district judge, presiding over jury selection. Instead, he relies entirely on the rule announced in *Gomez* for his claim of error. In these circumstances, the Court finds that petitioner has not shown that selection of a jury before a magistrate was an error of such magnitude that it worked "to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596. Petitioner has failed to show actual prejudice.

IT IS ORDERED that petitioner's motion to vacate his conviction and sentence is DENIED.

---

**2.** *See also, Allen v. Bunnell,* 891 F.2d 736, 737–38 (9th Cir.1989) (new constitutional rule of criminal procedure not applied retroactively on collateral review, without citation to *Teague.*)

**3.** Other district courts to consider the issue have also concluded that *Gomez* should not be given retroactive effect on collateral review. *United States v. Bezold,* CR No. 82–1027 HMF slip op. (D.Hawaii Nov. 3, 1989); *United States v. Rubio,* 722 F.Supp. 77 (D.Del.1989).