**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald GAMBLE, Defendant–Appellant.**

**No. 89–50067.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 1991.[*]

Decided Aug. 22, 1991.

B. Kay Shafer, Chatsworth, Cal., for defendant-appellant.

Spurgeon E. Smith, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, PREGERSON and TROTT, Circuit Judges.

PER CURIAM:

Ronald Gamble appeals his conviction and sentence, following a jury trial, for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Gamble contends that the district court erred by (1) allowing a magistrate to impanel the jury, and (2) using allegedly infirm prior convictions to enhance his sentence pursuant to 18 U.S.C. § 924(e). Because we hold that the district court's referral of jury selection to the magistrate requires a

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

new trial, we do not reach the second issue.[1]

## I. Facts

The facts are not contested. On April 23, 1988, Gamble was stopped by Los Angeles County deputy sheriffs for carrying a loaded pistol, and he was subsequently charged with being a felon in possession of a firearm. Gamble's trial began on November 30, 1988. The district court referred the selection of the jury to a magistrate. Gamble raised no objection to this referral, and the jury was subsequently sworn by the district judge. On December 1, 1988, the jury convicted Gamble, and on February 6, 1989, the district court sentenced him to fifteen years' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## II. Waiver of Objection

In *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Supreme Court held that the Federal Magistrates Act does not authorize magistrates to conduct *voir dire* in felony trials over a defendant's objection. The court stated that "harmless error analysis does not apply in a felony case in which, despite the defendant's objection and without any meaningful review by a district judge, [a magistrate] exceeds his jurisdiction by selecting a jury." *Gomez*, 490 U.S. at 876, 109 S.Ct. at 2248. In *Peretz v. United States*, — U.S. —, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the Supreme Court reaffirmed *Gomez* but ruled that a defendant can consent to the conduct of *voir dire* by the magistrate. Delegation of jury selection under such circumstances does not violate either the Federal Magistrates Act or the Constitution. *Peretz*, 111 S.Ct. at 2669–71.

The mandate in *Gomez* issued on July 7, 1989. Subsequently, this circuit held that *Gomez* applies retroactively to all cases not yet final on that date. *United States v. France*, 886 F.2d 223, 227 (9th Cir.1989),

aff'd, — U.S. —, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991) (per curiam). Nevertheless, the government contends that Gamble waived his objection to the magistrate's selection of the jury by failing to raise the objection at trial. This contention is inconsistent with the law of this circuit.

Although the defendant in *France* raised no objection in the district court to the magistrate's conduct of jury selection, we held that she had not waived her right to object in light of the fact that a "solid wall of [Ninth] circuit authority" would have made a contemporaneous objection futile. *France*, 886 F.2d at 228. Even though it is now clear that a defendant may object or consent to delegation of *voir dire*, our decision in *France* continues to control cases in which a defendant's trial began before the decision in *Gomez*. The futility of a pre-*Gomez* objection is not altered retroactively by the Supreme Court's determination that a defendant now has a clearly enunciated right to object to delegation, even though that objection can be waived by consent. *See id.*

Gamble's trial began on November 30, 1988, before the decision in *Gomez*, and he did not consent to the magistrate's conduct of *voir dire*. On that basis, we must reverse Gamble's conviction and remand to the district court for a new trial. *See id.* Accordingly, we do not reach the sentencing issues raised by Gamble's appeal.

### REVERSED AND REMANDED.

---

1. This court's March 5, 1991 stay of appellate proceedings is lifted. Appellant's motion for summary reversal is denied as moot.