**UNITED STATES of America,
Plaintiff–Respondent,**

v.

**Patrick ENGLISH, Defendant–Movant.**

**UNITED STATES of America,
Plaintiff–Respondent,**

v.

**Derek TANO, Defendant–Movant.**

**Civ. Nos. 89–760 AWT, 89–848 AWT.**

United States District Court,
D. Hawaii.

Sept. 9, 1991.

Daniel Bent, U.S. Atty., D. Hawaii, Louis A. Bracco, Asst. U.S. Atty., Honolulu, Hawaii, for U.S.

John Ashford Thompson, Honolulu, Hawaii, for Patrick English.

Richard Kawana, Honolulu, Hawaii, for Derek Tano.

**MEMORANDUM OPINION
AND ORDER**

TASHIMA, District Judge, sitting by designation.

These cases require the court to revisit the issue of jury selection by a magistrate in a felony trial.[1] These are two motions under 28 U.S.C. § 2255 by two defendants in the same underlying criminal case to vacate their convictions because jury selection in their case was conducted by a magistrate.

---

**1.** The court earlier addressed another aspect of this problem in *United States v. Makaweo,* 730 F.Supp. 1016 (D.Hawaii 1990), *appeal docketed.*

## BACKGROUND

Movant English filed his motion on September 29, 1989; movant Tano on October 31, 1989. The Ninth Circuit affirmed their convictions by an unpublished Memorandum filed on May 12, 1989.[2] In movant English's case, the Supreme Court denied his petition for writ of certiorari on October 2, 1989. 493 U.S. 861, 110 S.Ct. 174, 107 L.Ed.2d 130. Movant Tano's petition was denied on October 10, 1989. 493 U.S. 898, 110 S.Ct. 253, 107 L.Ed.2d 203. Based upon this record, the court finds that movant English's conviction was not final when he filed his § 2255 motion, but that movant Tano's conviction was final before he filed his motion.

Based on this state of the record, the court stayed the motions in each case.[3] Each order noted that:

> Although a § 2255 motion may be made "at any time," prudence dictates that the motion be held in abeyance and petitioner be required to file with the Ninth Circuit a motion to recall the mandate in petitioner's direct appeal, in the light of its own subsequent decision in *France.*[4]

Neither movant complied with these orders. Both movants justified their refusal to seek the directed relief on direct appeal on the ground that *Gomez* error was one of subject matter jurisdiction which could be raised at any time and, presumably, in any manner.

Each movant now seeks to have his conviction and sentence vacated on the ground of *Gomez* error.

## DISCUSSION

In *Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the

Court held that a magistrate was not authorized to impanel a jury in a felony case over the defendant's objection. That holding was based on the Magistrates Act and not on any constitutional infirmity. *Gomez* was decided on July 7, 1989. In *United States v. France*, 886 F.2d 223, 227 (9th Cir.1989), *aff'd by an equally divided Court*, ─── U.S. ───, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991), this Circuit held that *Gomez* applied to all cases not yet final on direct review on July 7, 1989. Subsequently, in *Peretz v. United States*, ─── U.S. ───, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the Court held that a magistrate may preside over jury selection in a felony case with the defendant's consent. Moreover, the Court strongly intimated, by its reliance on Circuit authority to that effect, that failure to object, as well as affirmative consent, was sufficient to validate magistrate-presided jury selection.

> We agree with the view of the majority of Circuit Judges who have considered this issue, both before and after our decision in *Gomez*, that permitting a magistrate to conduct the *voir dire* in a felony trial *when the defendant raises no objection* is entirely faithful to the congressional purpose in enacting the Federal Magistrate Act.

*Id.* 111 S.Ct. at 2671 (footnote citations omitted) (emphasis added).

Most recently, in *United States v. Gamble*, 943 F.2d 1030 (9th Cir.1991), this Circuit held that *France* survives *Peretz* on direct appeal. *Gamble* held that pre-*Gomez* failure to object to magistrate conducted *voir dire* does not amount to the consent required by *Peretz*.

*Gamble* had no occasion to and did not consider the effect of *Peretz* on collateral

**2.** No. 88–1155 and No. 88–1167, respectively. 875 F.2d 319.

**3.** The order in *English* was filed on October 10, 1989, and the order in *Tano* was filed on November 6, 1989.

**4.** This was the order in *Tano.* In *English*, the language was slightly different, but the substance was the same:
> Although a § 2255 motion may be made "at any time," prudence alone, if not technical

exhaustion requirements, dictate that the motion be held in abeyance pending final determination of defendant's direct appeal. For example, it is possible that the Supreme Court may summarily remand for reconsideration in light of *Gomez.* Or, even if certiorari is denied, the Ninth Circuit may favorably entertain a motion to recall the mandate in the light of its own subsequent decision in *France.*

review. In fact, *France* itself, which *Gamble* held to be controlling, expressly avoided the collateral review issue. *See* 886 F.2d at 227 n. 2. We now turn to that issue—the effect of *Peretz* on collateral review in this Circuit.

As this court observed in *Makaweo,*

> Under *United States v. Frady,* 456 U.S. 152, 162–66 [102 S.Ct. 1584, 1591–93, 71 L.Ed.2d 816] (1982), collateral relief from unobjected to trial error requires a showing of cause and actual prejudice.

730 F.Supp. at 1018. The reasons set forth in *Makaweo* why magistrate jury selection did not result in actual prejudice, *id.,* apply here. Like *Makaweo,* movants here advance no factual assertions why or how magistrate jury selection could have resulted in actual prejudice. Moreover, *Peretz* reinforces the lack of *per se* prejudice from unobjected to magistrate jury selection.

Finally, the court finds that these movants have not met the "cause" requirement of *Frady*. *Makaweo* also held that *France* "dispenses with the 'cause' requirement of *Frady*." *Id.* at 1018. However, the procedural history of these cases differs significantly from *Makaweo*. These movants bypassed the opportunity to seek relief on this issue on direct appeal. In fact, they deliberately chose not to comply with this court's order that they do so. At the very least, there was available to each movant a motion to recall the mandate in his direct appeal. Instead, movants elected to rely on their contention that *Gomez* error was "jurisdictional." *Peretz* has since held that it was not. Movants have failed to show cause why they did not seek relief on direct appeal. *See also Engle v. Isaac,* 456 U.S. 107, 130–34, 102 S.Ct. 1558, 1573–75, 71 L.Ed.2d 783 (1982) (futility alone is insufficient to establish cause for failure to object at trial).

IT IS ORDERED that the respective motions under 28 U.S.C. § 2255 to vacate, set aside or correct sentence are DENIED.