972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Raleigh HAINES, Petitioner-Appellant,
v.
Otis THURMAN, Warden, Respondent-Appellee.
 No. 91-55738.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Raleigh Haines, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Haines contends that he was denied due process because the trial court did not inform him that by pleading guilty he was subject to a mandatory parole term. This contention lacks merit.
 
 
 4
 On September 21, 1982, Haines pleaded guilty to assault with a deadly weapon and a weapons use enhancement. In exchange for his guilty plea, Haines was sentenced to a five-year term in state prison, which was suspended, and three years of probation. On January 21, 1986, Haines's probation was revoked. On May 2, 1988, the trial court imposed the original five-year sentence and told Haines for the first time that he had to serve a mandatory parole term.
 
 
 5
 In 1986, we held that a trial court's failure to inform a defendant of a mandatory parole term violates due process because a mandatory parole term is a direct consequence of a defendant's guilty plea. See Carter v. McCarthy, 806 F.2d 1373, 1376 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). Nevertheless, Haines cannot benefit from the holding in Carter because that decision is not to be applied retroactively. Allen v. Bunnell, 891 F.2d 736, 738 (9th Cir.1989). Accordingly, because Haines pleaded guilty before we decided Carter, he was not denied due process. See id. To the extent that Haines challenges the trial court's application of state law, his claim is not cognizable in a section 2254 petition. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (a writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law") (citation omitted), cert. denied, 478 U.S. 1021 (1986).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3