[Crim. No. 35288. Second Dist., Div. Four. Feb. 19, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC FRANKLIN, Defendant and Appellant.

COUNSEL

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FILES, P. J.—Defendant appeals from the judgment committing him to the Youth Authority following his conviction of burglary, second degree (Pen. Code, § 459). His sole contention is presented under the heading "The trial court improperly sentenced appellant to the upper term."

The record shows that the trial court first announced that it would select the middle term of two years. Then the court said: "It will be the judgment of this Court and sentence of this Court that he be committed to the California Youth Authority and the California Youth Authority will have jurisdiction over the defendant for a period of three years. My determination as to the three years is calculated as follows: Number one, I am selecting what would have been a prison mid term for the offense which would have been two years, mid term of the base sentence, mid term of two years, calculated the authorized confinement time adding additional year, to include one year parole supervision had he been committed to the State penitentiary."

The clerk recorded this judgment in the following language: "It is therefore ordered, adjudged and decreed that said defendant be committed to the Youth Authority of the State of California for the term not to exceed 3 years." The judgment as recorded provided for credit of 42 days for presentence custody, as the court had ordered.

The commitment of the 18-year-old defendant to the Youth Authority (now called Department of Youth Authority) was authorized by Welfare and Institutions Code section 1731.5. Such a commitment is for an indefinite period. Section 1766 of that code (as amended, eff. Jan. 1, 1980) authorizes the Youthful Offender Parole Board to permit him his liberty under supervision or order his confinement. Subdivision (b) of that section provides that a person committed under section 1731.5 "may not be held in physical confinement for a total period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense or offenses which... resulted in the commitment."

Rule 453, California Rules of Court, provides: "When a defendant is convicted of a crime for which sentence could be imposed under section 1170 and the court orders that he be committed: (a) To the California Youth Authority pursuant to Welfare and Institutions Code section 1731.5, the order of commitment shall specify the term of imprisonment to which the defendant would have been sentenced. The term shall be determined as provided by [Penal Code] sections 1170 and 1170.1 and these rules, as though a sentence of imprisonment were to be imposed...."

■ The statement of the trial court that the Youth Authority would "have jurisdiction over the defendant for a period of three years," was doubtless inspired by the language of *People* v. *Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375], holding "that youthful misdemeanants may not constitutionally be held subject to the control of the Youth Authority for any period of time in excess of the maximum jail term which might be imposed." The same constitutional limitation has been held applicable to youthful felons. (*People* v. *Sandoval* (1977) 70 Cal.App.3d 73, 89 [138 Cal.Rptr. 609].) The language "subject to the control of the Youth Authority" as used in *Olivas* includes the restraints imposed while the youth is on parole. (17 Cal.3d at p. 245.)

However, in order to give the Youth Authority the information it needs to comply with *Olivas*, it is not necessary for the committing court to speak of the maximum period of the department's control. The department will have adequate information to comply with the *Olivas* standard when the committing court specifies the term of imprisonment to which the defendant would have been sentenced to state prison for his offense, as rule 453 requires.

Penal Code section 3000 states the maximum period of time for which an adult offender may be held on parole as a part of a state prison sentence. The Youthful Offender Parole Board will look to that section as setting a limit beyond which the youth may not be held under the *Olivas* doctrine.

Penal Code section 1170, which describes how a state prison sentence shall be imposed, states in subdivision (c): "The court shall also inform the defendant that as part of the sentence after expiration of the term he may be on parole for a period as provided in Section 3000."

■ When the court committed defendant to the Department of the Youth Authority and specified (in accordance with rule 453, *supra*) the "term of imprisonment to which the defendant would have been sentenced," it was appropriate for the committing court to inform the defendant that after the expiration of that period of physical confinement he might be on parole. But it was not necessary for the court to state what it believed to be the maximum period he could be on parole. The time defendant is on parole will be determined by the Parole Board within the applicable statutory and constitutional time limits. The proper administrative application of those limits will ensure that defendant will not be held under the control of the Youth Authority beyond the maximum period of control which could have resulted from a prison sentence.

The judgment is modified by striking the sentence commencing with "It is therefore ordered" and substituting the following:

"It is therefore ordered, adjudged and decreed that said defendant be committed to the Department of the Youth Authority of the State of California. The term of imprisonment to which the defendant would have been sentenced under Penal Code section 1170 is two years."

As so modified, the judgment is affirmed.

Kingsley, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied March 7, 1980.