977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton Bea WHATLEY, Jr., Petitioner-Appellant,
v.
BOARD OF PRISON TERMS, Respondent-Appellee.
 No. 90-15452.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided Oct. 6, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, a state prisoner, appeals pro se the district court's denial of his habeas corpus petition. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Petitioner, Alton Whatley, Jr., was sentenced in Sacramento County Superior Court to four years in state prison after a jury found him guilty of one count of assault with a deadly weapon. After exhausting his state remedies, Petitioner filed an application for a writ of habeas corpus in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 2254. He alleged that the application of parole by the Board of Prison Terms violates the Due Process Clause of the Fourteenth Amendment because the state superior court judge did not "order" parole at his sentencing hearing. California Superior Court Sentencing Rules 435 and 433(e) and California Penal Code sections 1170(c) and 3000, he argued, require the sentencing judge to inform the defendant of the exact parole term or, in the alternative, the maximum possible parole term. The district court denied the habeas petition, finding that the rules and code sections relied on by Petitioner do not create a liberty interest entitling him to protection under the Due Process Clause.
 
 ANALYSIS
 
 4
 Our standard of review is de novo. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1982).
 
 
 5
 We recognize that state statutes or regulations may create a constitutionally protected liberty interest in certain parole procedures. See, e.g., Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Morrissey v. Brewer, 408 U.S. 471, 484 (1972). We find, however, that the sentencing rules and penal code sections relied on by Petitioner do not grant to defendants a constitutionally protected interest in having a sentencing judge "order" the parole term at the sentencing hearing.
 
 
 6
 California Superior Court Sentencing Rule 435 is not applicable because it only applies to sentencing upon revocation of probation. Rule 433(e) requires the sentencing judge to "inform the defendant, pursuant to 1170(c), of the parole period provided by section 3000 to be served after expiration of the sentence in addition to any period of incarceration for parole violation." Cal.R. 433(e) (West 1991). Penal Code Section 1170(c) requires the judge to "inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000." Cal.Penal Code § 1170(c) (West 1992). Section 3000 merely sets forth the various possible maximum lengths of parole terms. Id. § 3000(a)-(d).
 
 
 7
 From the above sentencing rules and penal code sections, it is clear that the sentencing judge need not inform the defendant of the exact length of the parole term. Indeed, the parole term is not determined by the sentencing judge--it is determined by the Board of Prison Terms. Id. § 3000(f); see In re Powell, 248 Cal.Rptr. 431, 435-36 (Cal.1988). Under Penal Code Section 3000, the Board can impose the statutory maximum term allowed or can waive a portion or even all of the possible term. Cal.Penal Code § 3000(a), (b). The sentencing judge has the duty merely of informing the defendant of the possibility of parole.
 
 
 8
 At Petitioner's sentencing hearing, the following exchange occurred:
 
 
 9
 COURT: Mr. Whatley, I want to advise you about your parole rights after you have completed your period of incarceration you will be placed on parole unles [sic] that is waived for good cause by the Board of Prison Terms.
 
 
 10
 They will give you certain requirements that you must follow on parole and if you violate any of those requirements you may be reincarcerated for up to one year for each such violation; you understand that?
 
 
 11
 DEFENDANT: Yes.
 
 
 12
 COURT: However, you may not be incarcerated for any longer period than four years in all; do you understand that?
 
 
 13
 DEFENDANT: Yes.
 
 
 14
 We find that the sentencing judge adequately informed Petitioner of the possibility of parole.
 
 
 15
 Petitioner's alternative argument--that the aforementioned sentencing rules and penal code sections impose a duty on the sentencing judge to inform the defendant not only of the possibility of parole, but also of the maximum possible term that the Board of Prison Terms could impose--also must fail. The California Court of Appeal has rejected Petitioner's interpretation of Penal Code Sections 1170 and 3000. See People v. Franklin, 162 Cal.Rptr. 284, 286 (Cal.Ct.App.1980). While sentencing rule 433(e), read broadly, could be interpreted as creating such a duty, a more logical interpretation is that the rule mirrors Penal Code Section 1170. Unlike the penal code sections, the sentencing rules are not substantive provisions; they were enacted by the Judicial Council of California pursuant to Penal Code Section 1170.3 for the purpose of guiding the courts' administration, practice, and procedure. See Cal.R. 401. In the absence of any guidance from the California courts, we are not prepared to hold that the Judicial Council intended Rule 433 to create a liberty interest in having the sentencing judge inform the defendant of the maximum possible parole term that the Board of Prison Terms could impose.
 
 
 16
 Even if, arguendo, the sentencing rules and penal code sections relied on by Petitioner could be read to create a liberty interest in having the sentencing judge inform the defendant of the maximum possible parole term, Petitioner has not alleged, and we are unable to find, any harm that resulted to Petitioner from this deprivation. This was a post-trial hearing, hence the information would not have influenced Petitioner's trial tactics. Cf. Carter, 806 F.2d at 1377 (not harmless error where defendant would not have pled guilty if he had been aware of mandatory parole term). Moreover, if the sentencing judge had informed Petitioner of the maximum term the Board of Prison Terms could impose--three years under section 3000--it is highly unlikely that the incentive to appeal his conviction would have been affected. Petitioner was informed at the sentencing hearing that he could be reincarcerated for up to four more years if he violated parole--he thus was aware of the magnitude of the consequences of violation of the parole terms and provisions. The error, therefore, is harmless. See Chapman v. California, 386 U.S. 18, 24 (1967) (otherwise valid conviction will not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3